# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) ) | DEMAND FOR JURY TRIAL |
| ECLIPSE IP LLC, | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY

Plaintiff Comcast Cable Communications, LLC ("Comcast") files this Complaint for Declaratory Judgment of Patent Non-infringement and Invalidity against Defendant Eclipse IP LLC ("Eclipse"), and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq.*

2. Comcast seeks declarations that: (i) its "automated dynamic dispatch system for managing mobile service appointments" does not

1

"infringe[] multiple patent claims in at least several of Eclipse IP's patents" including any valid and asserted claim of U.S. Patent Nos. 7,064,681 ("the '681 Patent"), 7,113,110 ("the '110 Patent"), and 7,119,716 ("the '716 Patent") (collectively, the "Patents-in-Suit"); and (ii) each of the asserted claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112. True and correct copies of the '681, '110, and '716 patents are attached as Exhibits A-C, respectively.

## THE PARTIES

3. Plaintiff Comcast is a limited liability company organized under the laws of Delaware, with a principal place of business in Philadelphia, Pennsylvania. Comcast is the nation's leading provider of cable communications products and services.

4. Comcast serves millions of cable subscribers, including subscribers located within this judicial district, and Comcast's central division headquarters is located in this judicial district.

5. Upon information and belief, Defendant Eclipse IP LLC is a limited liability company organized under the laws of Florida, having a place of business at 115 NW 17th Street, Delray Beach, Florida, 33444.

6. Upon information and belief, Eclipse's registered agent and purported managing member is Pete A. Sirianni III. Eclipse's registered

corporate address in Delray Beach, Florida is, according to Palm Beach County tax records, a single-family house in a residential neighborhood purportedly owned by Mr. Sirianni.

7. Eclipse claims to be the owner by assignment of the right, title and interest of at least twenty issued United States Patents, including the Patents-in-Suit.

8. Upon information and belief, Eclipse does not manufacture, produce, and/or sell any products or services.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 based on federal question jurisdiction.

10. This court has personal jurisdiction over the Defendant pursuant to the laws of the State of Georgia, including Georgia's long-arm statute, O.C.G.A. § 9-10-91.

11. Eclipse consented to personal jurisdiction in this Judicial District in a case involving one of the Patents-in-Suit. *United Parcel Service, Inc. v. Eclipse IP LLC*, Case No. 1:11-cv-02138-CAP, Dkt. No. 27, ¶11. Eclipse entered this consent rather than engage in jurisdictional discovery that the Court ordered (Dkt. 26) in response to Eclipse's motion to dismiss for want of

personal jurisdiction (Dkt. 12). Eclipse subsequently delivered to United Parcel Service, Inc. ("UPS"), a corporation with its principal place of business in Georgia, a covenant not to sue (Dkt. 29) and moved to dismiss UPS's complaint.

12. In a subsequent case filed by Federal Express in this judicial district to invalidate one of the Patents-in-Suit, Eclipse consented to personal jurisdiction. *FedEx Corporate Services, Inc. v. Eclipse IP LLC*, Case No. 1:13-cv-00275-AT. Eclipse subsequently provided FedEx a covenant not to sue in order to divest the Court of subject matter jurisdiction and, thereby, avoid the invalidation of its patents (Dkt. 11).

13. Upon information and belief, Scott A. Horstemeyer, the named inventor and assignor of the Patents-in-Suit to Eclipse, resides in this Judicial District. Mr. Horstemeyer and his law firm, Thomas Horstemeyer, LLP, also located in this Judicial District, prosecuted the Patents-in-Suit.

14. Upon information and belief, Mr. Horstemeyer entered into an agreement with Eclipse in this Judicial District in order to assign the Patents-in-Suit to Eclipse.

15. Upon information and belief, Mr. Horstemeyer is an agent and/or beneficiary of Eclipse.

16. Upon information and belief, Peter F. Schoenthaler resides in this Judicial District. Mr. Schoenthaler is the sole owner of Peter F. Schoenthaler, P.C., a law firm located in this Judicial District.

17. Upon information and belief, Mr. Schoenthaler is the sole owner of Eclipse.

18. Upon information and belief, decisions made on behalf of Eclipse are made by Mr. Schoenthaler.

19. Upon information and belief, Mr. Schoenthaler approves actions made on behalf of Eclipse.

20. Upon information and belief, Eclipse is in the business of patent licensing through the threat of litigation.

21. Upon information and belief, sending letters threatening patent litigation is a key part of Eclipse's business model.

22. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

**THE PATENTS-IN-SUIT**

23. The '681 Patent is titled "Response Systems and Methods for Notification Systems," and was filed on June 2, 2004. The '681 Patent is attached as Exhibit A.

24. The '110 Patent is titled "Stop List Generation Systems and Methods Based Upon Tracked PCD's and Responses from Notified PCD's," and was filed on June 2, 2004. The '110 Patent is attached as Exhibit B.

25. The '716 Patent is titled "Response Systems and Methods for Notification Systems for Modifying Future Notifications," and was filed on November 12, 2003. The '716 Patent is attached as Exhibit C.

## ECLIPSE'S THREATS AGAINST COMCAST

26. On or about September 23, 2013, Matthew S. Harman of the law firm Harman Law LLC, counsel for Eclipse, sent a letter to Arthur R. Block, Senior Vice President, General Counsel and Secretary for Comcast Corporation. The Harman letter was referred to Comcast Cable Communications, LLC as the subsidiary entity engaged in or responsible for the activities that were the subject of the letter. The Harman letter asserts, among other things, that Comcast infringes the Patents-in-Suit, warns that Eclipse "aggressively litigates patent infringement lawsuits," and gives October 9, 2013 as a cutoff date, after which Eclipse "assume[s] that [Comcast is] not interested in resolving this matter without litigation." A true and correct copy of that letter is attached hereto as Exhibit D.

27. In the Harman letter, Eclipse alleged that Comcast's "automated dynamic dispatch system for managing mobile service appointments infringes

multiple patent claims in at least several of Eclipse IP's patents," including the '681, '110, and '716 patents.

28. In subsequent communications with Eclipse, Comcast requested that Eclipse provide Comcast with the factual and legal bases supporting the allegations of infringement. Eclipse refused to do so. Eclipse later advised Comcast that its "next step will be litigation" when Comcast would not agree to pay Eclipse for a license under the Patents-in-Suit in the absence of any basis for the infringement allegations.

29. Eclipse's letter and other communications with Comcast create an actual case or controversy as to whether Comcast is infringing any valid claim of the Patents-in-Suit.

30. Eclipse's letter and other communications with Comcast show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. Comcast continues to use automated dynamic dispatch technology that Eclipse has accused Comcast of using to infringe the Patents-in-Suit.

## COUNT I

## DECLARATION OF NONINFRINGEMENT

32. Paragraphs 1-31 are incorporated by reference as if fully restated herein.

33. Eclipse has asserted that Comcast infringes claims of the Patents-in-Suit by using automated dynamic dispatch technology.

34. Comcast's automated dynamic dispatch technology does not infringe any valid and asserted claim of the Patents-in-Suit because they do not satisfy all the limitations of those claims.

35. Based on Eclipse's letter and other communications with Comcast, an actual case or controversy exists as to whether Comcast infringes any valid or enforceable claim of the Patents-in-Suit, and Comcast is entitled to a declaration that it does not infringe any valid claim of the Patents-in-Suit.

## COUNT II

## DECLARATION OF INVALIDITY

36. Paragraphs 1-35 are incorporated by reference as if fully restated herein.

37. At least the claims that Eclipse has asserted against Comcast are invalid under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. At least the claims that Eclipse has asserted against Comcast are invalid pursuant to 35 U.S.C. §101 because they purport to cover subject matter that is not patentable.

39. At least the claims that Eclipse has asserted against Comcast are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are anticipated and/or rendered obvious by the prior art.

40. Upon information and belief, at least the claims that Eclipse has asserted against Comcast are invalid pursuant to 35 U.S.C. § 102(f) because the applicant and sole named inventor did not himself invent the subject matter sought.

41. One or more claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, and/or lack sufficient written description.

42. Based on Eclipse's letter and other communications with Comcast, an actual case or controversy exists as to whether Comcast infringes any valid or enforceable claim of the Patents-in-Suit, and Comcast is entitled to a declaration that the Patents-in-Suit are invalid.

## JURY DEMAND

Comcast demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Comcast respectfully requests the following relief:

A. A judgment that Plaintiff Comcast does not infringe any valid claim of the Patents-in-Suit;

B. A judgment that the asserted claims of the Patents-in-Suit are invalid and/or unenforceable;

C. That this case be found an exceptional case under 35 U.S.C. § 285, entitling Comcast to be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action;

D. Such other and further relief as the Court may deem just and proper.

Dated: February 24, 2014.

Respectfully submitted,

    /s/ Lawrence K. Nodine
Lawrence K. Nodine (Ga. Bar No. 545250)
Charley F. Brown (Ga. Bar No. 086754)
Richard W. Miller (Ga. Bar No. 065257)
Sharon Billington (Ga. Bar No. 891220)
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Tel: (678) 420-9300
Fax: (678) 420-9301

Attorneys for Plaintiff
Comcast Cable Communications, LLC